Judge Marshall
delivered the opinion of the Court.
This action of debt was brought by Summers against Hamilton, as surviving partner of the firm of Hamilton and Sandford, upon anotefor $400, executed by .Sand-ford in the partnership name, dated the 27th of April, 1848, and payable one day after date to Summers. Hamilton pleaded ‘non est factum,.’ And the case, upon the evidence-, turned upon the question whether the note was executed for the benefit of the firm, in a partnership transaction, or for the private debt of Sandford to Summers, or for a loan to Sandford for his individual use, and known by Summers to be for that use.
The note itself, executed in the firm name by one of the firm, was, prima.facie, obligatory upon both partners, and after proof of its having been so executed, it devolved upon the defendant to show to the satisfaction of the jury, that it was executed for the individual-debt of Sandford, or loan to him for his private purposes, and not for the benefit of the firm or in its business, and that Summers knew, or had reason to know, that this was the case. The first instruction given by the Court, on motion of the defendant, conforms substantially to the principle just stated. But the second goes further, and is ipore favorable to the defendant than it should have tóen, in declaring that if Summers at the time Sandfor/ borrowed the money and execu *12 ted the note, believed it was borrowed for the purpose of paying off the private debts of Sandford or of his wife, the law was for the defendant.
That the payee of the note believed that money obtainéd for ■which the note was given in such case, was to be applied to the individual purposes Of the partner .obtaining it and giving the note, would not destroy the obligatory foree of the mote unless such was the fact. <t
One who objects io the compelen. cyofa witness Scompetepcyor the witnessUdinS
The belief of Summers, that the money was borrowed for such individual purpose, though it might prove an intention on his part to do an unjust act, would have no effect in law, unless the fact corresponded with his belief. And even if the money was avowedly borrow - edfor a private purpose, with the knowledge of Summers, still, if it was in fact used for the purposes of the firm, we are not prepared to say that the note executed in the firm name should not be binding upon all the partners.
Under the instructions referred to, none having been given for the plaintiff, the jury found against the plea of non est factum. And the defendant’s motion for a new trial having been overruled, a judgment was rendered against him, for the reversal of which he prosecutes a writ of error. The only questions reserved on the trial, relate io the competency of witnesses, the admission and rejection of evidence, and the exclusion or refusal to exclude evidence. These questions we shall proceed very briefly to notice. ■
1. Several of the plaintiff's witnesses stated that they Gr in some instances their wives, were legatees of Sand- . . 0 , ford; and they were objected to as incompetent on this ground. But the will was not produced, nor was the nature or amount of these legacies stated either by the witnésses objected to or any others, nor was there any proof showing that their legacies would be affected by the termination of this suit one way or the other. If it were conceded that the result of this suit would determine whether the estate of Sandford is liable for the whole or for only one-half of this note, still it is not shown that these legatees, or any of them, would receive more or less in either result, nor in fact is it shown that their legacies are not paid, or that if paid, there is any probability that they must be refunded to meet any part of this demand. And whatever might be the case *13 in this respect, we suppose the judgment in the present case would not be evidence between Hamilton and the executors of Sandford, either to preclude or establish'-the liability of one to the other, or to determine its extent.
In a suit against a surviving partner his admissions direct or indirect, are evidence against him though the judgment would not be evidence in a controversy with the representatives of the deceased partner upon the ques. tion of contribu-i. tion.
It cannot he assumed, therefore, upon the mere fact that these witnesses are legatees of the deceased partner, that they have any certain interest in the result of the suit, or in the record as evidence. And as the party making the objection, should sustain it by proving such interest, and has failed to do so, there was no error in allowing the witnesses to testify.
2. The defendant proved by two witnesses, conversations between himself and the plaintiff, relating to the note sued on, and in which the defendant denied his liability to pay it, and said it was not for a partnership debt, which was not contradicted by Summers. These conversations were excluded by the Court on motion of the plaintiff, on the ground that they had occurred in the absence of Sandford, who was then in fact dead. But it was not against Sandford but against Summers the plaintiff, that the evidence was offered. And it was not the statement of Hamilton in his own favor that constituted the evidence, but the answer of Summers or his failure to answer, from which it was the province of the jury to draw the appropriate inference, according to their own judgment. The jury might have considered the evidence as sufficient to establish an indirect admission of the fact asserted by Hamilton. And as in this suit between Summers and Hamilton, a direct admission of the same fact by the former wouldj unquestionably be evidence against him, so is his indirect admission. A judgment for the defendant founded upon the direct admission of Summers, would have precisely the same effect upon the liability of Sanford’s estate as one founded upon the indirect admission. But such a judgment would not in either case affect the question of contribution between Hamilton and Sand-ford’s executors, shoxild they be compelled to pay the *14 whole debt. We are of opinion therefore, that the Court erred in excluding this evidence. But there was no error in rejecting the statements of Sandford in the absence of Summers.
The admissions of one partner made after the dissolution of the partnership, is not evidence against the other partner: (Daniel vs Nelson, 10 B. .Monroe, 318.)
Evidence not incompetent when .offered, but which for its .¿opipeleney depended upon oth,er pioof which was not made .should be excluded upon request ,of the party vs whom it was offered, but if made competent there is no error ¿n letting it go to .the j tiry.
3. The plaintiff proved by two witnesses, statements made by Sandford on his death bed, in the absence of both Hamilton and Summers, to the effect, that he had sold out his interest in the firm to Hamilton, who was to pay the firm debts, and that all notes in the firm name were for firm debts, except one which was designated, and was not the one nowin question. Without noticing other objections, it is sufficient to say that this statement upon its face was made after a dissolution of the firm. And in the case of Daniel vs Nelson, (10 B. Monroe, 318,) this Court upon full consideration of the question, and in accordance with its previous decisions decided that the admissions of one partner after dissolution are not evidence against the other! We are of opinion therefore, that this evidence was inadmissible, and should have been excluded on the motion of the defendant for that purpose.
4. The plaintiff read in evidence three letters in the hand-writing of Sandford signed in the name of the firm, addressed to B. F. Thomas & Co., at Maysville, all dated and post-marked at Sharpsburg, the town in which the firm had a store, and each purporting to enclose a particular sum of money, (proved by the postmaster to have been enclosed in it,) and directing payment of a note of the firm payable in Bank. The first of these letters bears date on the same day on which the note sued on is dated, and the others on the second and fifth days thereafter. The object of this evidence was, as is presumed, to authorize the inference that the ■money for which the note in suit was executed, was appropriated to the payment of a firm debt. But it is not proved that any money was advanced by Summers at the date of the note, or that a loan from him was ■necessary for the purposes of the firm, or that the firm actually owed any such debt at bank as that referred to *15 in the letters, or that the money enclosed was applied to the payment of any debt actually due by it, except so far as these facts, or some of them, may be established by the note and the letters themselves, or may be inferred from the failure of the defendant to produce upon notice, the cash book of the firm. The presumption necessarily arises that the persons from or through whom the plaintiff obtained possession of the letters could have proved or explained the facts referred to in .them ; but it is not even proved that there was any such firm as that addressed, except by the letters them- , selves. In the absence of all explanatory and auxiliary evidence, we should greatly doubt whether the mere coincidence between the dates of these letters and the note sued on, would furnish any rational ground of inferring that the money for which the note was given, .was applied to partnership purposes. But even if it did not, there was no error in admitting the letters .when offered, because other evidence might have been offered in corrobor-ation of them; and we cannot say that the defendants failure to produce the cash book, does not furnish some corroboration, and afford a ground of inference against him. But there was no motion to exclude the evidence.
Hamilton French for plaintiff; Hazlerigg for defendant.
The objections taken by Summers to the time and manner of perfecting the bill of exceptions, are sufficiently met by the consent order of the previous term.
And for the errors which have been noticed, the judgment is reversed, and the cause remanded for a .new trial in conformity with this opinion.